# CHICAGO CITY RAILWAY COMPANY
## V.
## MARY A. ROBINSON, ADM'X.

*Personal Injuries—Street Railway—Death of Child—Action for Damages—Questions for Jury—Negligence—When not Imputed to Parent.*

1.   In an action against a street railway company to recover damages for causing the death of a child, it is *held:* That the court properly overruled a motion to instruct the jury to find for the defendant; and that the questions whether the deceased was in the exercise of reasonable care and whether the defendant was guilty of negligence, were for the jury.

2   It is ordinarily a question for the jury whether, under the circumstances of the particular case, a failure to stop until the view is clear and look for an approaching train is such negligence as should defeat a recovery.

3.   Where the child injured is in the exercise of ordinary care the question whether the parent was negligent does not arise.

4.   Where the evidence is sharply conflicting this court will not interfere with the verdict of the jury.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. HYNES & DUNNE, for appellant.

Messrs. FRANK J. SMITH & HELMER and MELVILLE W. FULLER, for appellee.

*Per Curiam.*   The action in this case was brought to recover damages for killing the child of appellee through the alleged negligence of the servants of appellant.

Appellant was operating a double track street car line on State Street in Chicago, and the trains, each of which consisted of a "grip" and one or two passenger cars, were driven by a cable running beneath the surface of the road at a speed of seven miles an hour.   There was a gate across the platform of each car on the side toward the track on which the trains traveled

in opposite directions, which prevented passengers from getting on or off the cars on that side of the train.

Plaintiff's evidence tended to show that on the morning of the accident, the plaintiff, with her boy, five and one-half years of age, and some relatives with their children, got on a north bound train, on State Street, on their way to attend a funeral, and rode to Twenty-fourth Street, intending to proceed west on the north side of said street. The train stopped on the north foot crossing of Twenty-fourth Street and the party alighted from the east side of the rear platform. A boy about nine years old, who was of the party, was the first to get off, and next to him the deceased, closely followed by his mother. The older boy ran westward across the west track of appellant and the deceased ran after him, and was struck by the "grip" of a south bound train and killed.

The running of the cable over the pulleys in the street and through the "grip" of the standing car made considerable noise, and the approach of trains is almost noiseless, and the south bound train was not heard by plaintiff's witnesses, and their evidence tended to show that there was no bell or gong sounded, and no signal or warning of the approach of the train given, and that the movement of the train was very rapid. The standing train obstructed the view of the west track so that persons alighting from said train on the east side would not see the south bound train until it passed the rear of said standing cars.

On the close of the plaintiff's evidence, counsel for the defendant company moved the court to instruct the jury to find for the defendant on the ground of the absence of proof of due care on the part of plaintiff, and the absence of proof of negligence on the part of defendant. The court overruled the motion, and this is the principal ground of error urged upon us for a reversal of the case.

We are of opinion that the court properly overruled said motion. The questions whether deceased was in the exercise of reasonable care, and whether the defendant company was guilty of negligence, were properly questions for the jury to determine. Appellant's counsel invokes the doctrine that

it is negligence *per se* to cross a railroad track without stopping and looking to see that there is no approaching train, and argues that as there is no proof that defendant's train was running at an unlawful rate of speed, they could not be held guilty of any negligence.

The doctrine invoked is not to be applied as a hard and fast rule in every case of an injury, even at crossings of steam railroads. Ordinary care and prudence under all the circumstances in the particular case is all that the law requires, and it is ordinarily for the jury to decide whether, under the circumstances, a failure to stop until the view is clear and look for an approaching train, is such negligence as should defeat a recovery.

We are not willing to state, as a matter of law under all the circumstances of this case, that deceased was, at the time of the injury, guilty of a want of ordinary care, nor can we say that the evidence did not warrant the submission of the question of defendant's negligence to the jury. To rush a train going in one direction over a street crossing at a rapid speed, and without signal or warning, while a train bound in the opposite direction is discharging passengers at the crossing, and where persons young and old are liable to be crossing the street, is such an act as, in our opinion, fully warrants the conclusion of negligence.

In passing on this branch of the case we of course consider only plaintiff's evidence, and the inferences that can be reasonably drawn from it. There is a sharp conflict on several points when defendant's evidence is looked at, but the conflict has been settled by the verdict in favor of the plaintiff.

There is one objection urged against an instruction given, and that is, that plaintiff's instruction excluded the question of the mother's negligence, if any, from the consideration of the jury. The plaintiff's theory was, that the child was in the exercise of ordinary care, and hence that no negligence could be imputed to the parent. This is the rule of law. Ihl v. Forty-second Street R. R. Co., 47 N. Y. 317; Cummings v. Brooklyn City R. R. Co., 6 Cent. Rep. 394.

The court instructed the jury very fully as to the question

of the mother's negligence, at the request of the defendant, and considering the instructions as a series, the whole law arising upon all theories of the case was given to the jury.

We are of opinion that the judgment of the Circuit Court should be affirmed.

*Judgment affirmed.*