# THE CHICAGO CITY RAILWAY COMPANY

## v.

# FRANK WILCOX BY HIS NEXT FRIEND, ETC.

*Street Railways—Negligence of Employes of—Personal Injury — Rules and Regulations—Breach of—Child Six Years Old—Damages— Loss of Leg—Evidence—Instructions.*

1. Personal negligence is not to be imputed to a child six years old.

2. A child can not be cut off from compensation for personal injuries suffered through the negligence of another, for the reason that its mother failed to perform her full duty in protecting him from harm.

3. The rule may be otherwise where the suit is for the benefit of the next of kin.

4. The giving of an erroneous instruction which did no harm can not be complained of.

5. This court declines to interfere with a verdict in the sum of $15,000 in behalf of a child and against a street railway company for the loss of a leg and other injuries suffered through its negligence.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. C. M. Hardy, for appellant.

Messrs. C. E. Pope and E. F. Masterson, for appellee.

Gary, J.   The case made by the appellee on the trial was that in June, 1887, the appellants had a double track street railway operated by an underground cable, on Wabash avenue, in Chicago.   At the south side of Harmon Court, an intersecting street, the rear end of a south bound train on the west track had stopped.   A north bound train on the east track entered upon the intersection of the streets just as the south bound train was starting southward.   The appellee, then a child six years old, was on the west side of Wabash avenue, started to cross it on the south side of the intersection, and as he went by the rear end of the south bound train he was caught by the north bound one, run over, and so injured that he has lost one of his legs, and so little of a stump of it is left, that an artificial leg can not be made available.   The opinion of this court on that manner of operating the train has already been expressed in Chicago City Railway Company v. Robinson, 27 Ill. App. 26, but it being on a question of fact, a more valuable opinion is that of the company expressed in one of their rules as follows:   "Drivers must bring their trains to a full stop when nearing a train on the other track which has stopped or is nearly stopped to let off or receive passengers, and will not proceed until the same can be done with perfect safety.   After train is stopped, brakes will not be released until signal is given to start."

The stepmother of the boy was on the east side of Wabash avenue and she and the boy saw each other.   She warned him by motions from crossing while the south bound train was crossing Harmon Court; she saw the north bound train approaching, but did nothing to prevent the boy from crossing the street in front of it.

The record is very meager as to the condition in life of the father and stepmother of appellee.   All of the instructions asked by the appellants were given, and of those given on behalf of the appellee the only one criticised is as follows:

"3. The court instructs the jury for the plaintiff, that if they, from the evidence, believe that the parents are working people and that the father was not present at the time of the accident, and that the mother was attending to her usual occupation in attending their little store on Harmon Court, in such event the law does not require that persons in their situation in life shall keep constant watch over their children, nor can the want of such care be imputed to the child on account of its age, he being seven years of age or about that, at that time. The fact that a mother on discovering that her infant child is in imminent danger, failed to take the most prompt measure to rescue it from the impending danger will not be imputed as negligence, where it appears she was so excited as to be incapable of calm and deliberate judgment."

This instruction makes a mistake of a year as to the age of the appellee. There is no dispute in the record as to the fact that he was but six, and, therefore, personal negligence is not to be imputed to him. C. & A. R. R. Co. v. Becker, 84 Ill. 483; 2 Thomp. Neg., 1181.

But if the condition in life of the parents, and their conduct toward the appellee, as affected by that condition, be a matter to be considered by the jury, the instruction assumes too much.

To the generation of lawyers who, in their earlier reading, found the case of Bush v. Steinman accepted as law, the doctrine was also taught that one injured by the concurrent negligence of two carriers, by one of whom he was being conveyed, had no remedy against the other. That doctrine is now rejected by the highest court of this State, and by the highest court of the Nation. W., St. L. & P. R. R. Co. v. Shacklet, 105 Ill. 364; Little v. Hackett, 116 U. S. 366.

And that a child suing for wrong done him shall be cut off from remedy because others neglected their duty to him, is a doctrine going into "*innocuous desuetude.*" It is assumed but avoided in C. & A. R. R. Co. v. Gregory, 58 Ill. 226. When the suit is for the benefit of next of kin, negligence of parent may be a bar. T., W. & W. R. R. Co. v. Grable, 88 Ill. 441. It has never in this State been decided to be a bar when a child

Chicago City Ry. Co. v. Wilcox.

was plaintiff.    The recent text writers repudiate the doctrine and cite numerous cases to support their position.    Cooley on Torts, 818, 2d Ed.; Bishop Non-cont. Law, Sec. 581; 2 Thomp. Neg., 1181 *et seq.*    In this view of the case the instruction quoted becomes wholly immaterial, and giving it could have done no harm and is therefore no error.

The damages are large, that is, a large sum of money— $15,000.    Are they more than compensation?    If the appellee is entitled to anything he is entitled to full compensation. Is that limited to making good the probable pecuniary loss to him from having but one leg to go upon, either natural or artificial, or shall other deprivations which can not be recited without the use of language which excludes arithmetic be taken into account?    His life is wrecked, whether for business or pleasure.    Hope is denied him.    By the various tables of mortality at the time of the trial his expectation of life ranged from forty to fifty years.    " Where suffering in body and mind is the result of injuries caused by negligence it is proper to take them into consideration in estimating the amount of damages."    H. & St. J. R. R. Co. v. Martin, 111 Ill. 219; Ind. & St. L. R. R. Co. v. Staples, 62 Ill. 313.

" Of the amount, under the facts, the jury were the sole judges, and where no other evidence of prejudice or passion appears in the finding, courts seldom set aside a verdict for excessive damages in an action like this."    Ill. Cent. v. Simmons, 38 Ill. 242.

And see, also, opinion by Bailey, J., in C. & E. I. R. R. Co. v. Holland, 18 Ill. App. 418.

As was said in the case cited from 38 Ill. the court " will not take the responsibility of determining " that the damages are exorbitant.    The judgment must be affirmed.

*Judgment affirmed.*