THE OHIO AND MISSISSIPPI RAILWAY COMPANY

*v.*

EMANUEL WEBB, Admr.

*Filed at Mt. Vernon November 3, 1892.*

1. EVIDENCE—*expert testimony—when it is admissible.* In an action against a railway company to recover damage to crops by flooding plaintiff's upper lands by means of an embankment across a watercourse, the defendant called a witness as an expert, and sought to show by him that the overflow which produced the injury was the result of natural causes, and not of the construction of the embankment, which the court refused to admit: *Held*, error to refuse the proposed evidence.

2. Upon questions relating to the arts or sciences the opinions of persons who have made the subject matter of inquiry the object of particular study and attention are admissible.

3. Where the subject matter of inquiry is of such a character that it may be presumed to be within the common experience of all men of common education moving in ordinary walks of life, the opinions of experts are inadmissible.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. POLLARD & WERNER, and Messrs. RAMSEY, MAXWELL & RAMSEY, for the appellant:

As to the competency of expert testimony, see Lawson on Expert and Opinion Evidence, 5; *Griggsby* v. *Water Co.* 40 Cal. 396; *Clason* v. *Milwaukee*, 30 Wis. 316; *Insurance Co.* v. *Tobin*, 32 Ohio St. 77; Phillips on Evidence, sec. 778.

Messrs. TURNER & HOLDER, for the appellee:

When the subject matter of inquiry is of such a character that it may be presumed to lie within the common experience of all men of common education moving in ordinary walks of life, the rule is that the opinions of experts are inadmissible, as the jury are supposed, in all such matters, to be entirely competent to draw the necessary inferences from the facts testified to by the witnesses. Rogers on Expert Testimony, sec. 8; 1 Wharton on Law of Evidence, (2d ed.) sec. 436; *Linn* v. *Sigsbee*, 67 Ill. 75; *Chicago* v. *McGiven*, 78 id. 347; *Railroad Co.* v. *Moffit*, 75 id. 524; *Pennsylvania Co.* v. *Conlan*, 101 id. 94; *Wight Fire Proofing Co.* v. *Poczekai*, 130 id. 139; *Higgins* v. *Dewey*, 107 Mass. 494; *Stumore* v. *Shaw*, 68 Md. 11; *Railway Co.* v. *Kellogg*, 94 U. S. 472; *Mulduney* v. *Railroad Co.* 36 Iowa, 472.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action on the case, by appellee, against appellant, to recover damages for injury to growing crops, caused, as is alleged, by appellant "constructing and unlawfully maintaining, and from time to time raising and increasing in

height, a solid earth embankment along the bottom land of and across one branch of a certain water-course." A trial in the circuit court of St. Clair county resulted in a verdict and judgment for the plaintiff for $1000 and costs of suit. The Railway company appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and it now prosecutes this appeal.

Two errors of law are urged here as grounds of reversal. First, the improper exclusion of offered evidence on behalf of the defendant; and second, the improper refusal of an instruction offered on behalf of the defendant.

On the trial, appellant offered the testimony of one W. E. Merrill as an expert, and sought to show by him, as a matter of opinion, that the overflow which produced the injury complained of was the result of natural causes, and not of the construction of the embankment, as alleged in the declaration. The rule relied upon by appellant as authorizing the introduction of that testimony is, that "upon questions relating to the arts or sciences the opinions of persons who have made the subject matter of inquiry the object of particular study and attention are admissible." (Lawson on Expert and Opinion Evidence, 5.) That upon which the appellee relies as sustaining the ruling of the court below is as follows: "Whenever the subject matter of inquiry is of such a character that it may be presumed to lie within the common experience of all men of common education moving in ordinary walks of life, the rule is, that the opinions of experts are inadmissible, as the jury are supposed, in all such matters, to be entirely competent to draw the necessary inferences from the facts testified of by the witnesses." (Rogers on Expert Testimony, sec. 8.) Both these rules are well supported by the decisions of this and other courts. The question here is, under which rule does the subject matter of inquiry raised by the issues in this case fall. We are inclined to the view that under all the facts and circumstances shown upon the trial the offered evidence

was competent, and should have been allowed to go to the jury, to be given such weight as, in connection with all other facts and circumstances, it might have thought it entitled to.

In illustration of the foregoing rule quoted from Mr. Lawson, the author cites the case of *Folkes* v. *Chadd*, 3 Doug. 157, and quotes from it as follows: "Lord Mansfield said: It is objected that Mr. Smeaton is going to speak, not as to facts, but as to opinion. That opinion, however, is deduced from facts which are not disputed—the situation of banks, the course of tides and of winds, and the shifting of sands. His opinion, deduced from all these facts, is, that, mathematically speaking, the bank may contribute to the mischief, but not sensibly. Mr. Smeaton understands the construction of harbors, the causes of their destruction, and how remedied. In matters of science no other witnesses can be called. An instance frequently occurs in actions for unskillfully navigating ships. The question then depends on the evidence of those who understand such matters, and when such matters come before me I always send for some of the brethren of the Trinity House. I can not believe that where the question is whether a defect arises from a natural or artificial cause, the opinions of men of science are not to be received. * * * The cause of the decay of the harbor is also a matter of science, and still more so, whether the removal of the bank can be beneficial. Of this such men as Mr. Smeaton alone can judge. Therefore, we are of the opinion that his judgment, formed on facts, was very proper evidence."

In *Grigsby* v. *Clear Lake Water Co.* 40 Cal. 396, speaking of the competency of expert testimony the court says: "Nothing is better established than the proposition that this kind of evidence is admissible as to the effect of obstructions in causing backwater. Ordinarily, it is true, witnesses testify only as to facts, leaving it to the jury to draw their conclusions; but upon matters of science, and questions requiring peculiar skill, an exception is made." See also *Clason* v. *City of Mil-*

*waukee,* 30 Wis. 316; *Ohio and Mississippi Railway Co.* v. *Neutzel,* 143 Ill. 46.

We can not say the exclusion of this evidence worked no injury to the defendant below, as is contended by appellee. The testimony, if competent, went directly to the issue involved in the case, and it can not be known but that the jury would have considered it sufficient to justify them in finding for the defendant.

The defendant asked the trial court to instruct the jury as follows:

"The court instructs the jury, that if they find, from the evidence, that the damages complained of in the year 1888 were due to an overflow caused by an extraordinary rainfall or flood, then no recovery can be had."

The instruction was properly refused. If it is to be understood as telling the jury that if the injury resulted to plaintiff from an extraordinary rainfall or flood, and from that cause alone, without reference to the acts of the defendant in constructing the embankment, it was given in other instructions, the jury being expressly told that "there could be no recovery unless the acts of the defendant complained of constitute the proximate cause of the injury complained of, and that the proximate cause of an injury is that but for which the injury would not have occurred." The instruction is, however, inaccurate as applied to the allegations of the declaration, and would, if given, have tended to mislead the jury.

For the error in excluding the offered expert testimony the judgment of the Appellate Court will be reversed, and the cause will be remanded to the circuit court for another trial.

*Judgment reversed.*