THE OHIO AND MISSISSIPPI RAILWAY COMPANY

*v.*

GOTTFRIED NEUTZEL.

*Filed at Mt. Vernon November 3, 1892.*

EXPERT TESTIMONY — *admissible to show laws of alluvial streams, etc.* In an action against a railway company to recover damages to crops by flooding the plaintiff's lands, expert testimony is admissible to show the laws of alluvial streams, the cause and manner of the growth of deposits of sediments, and the effect of such deposits upon streams in a long course of years, in a case where the channel of the stream has been obstructed.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. Pollard & Werner, and Messrs. Ramsey, Maxwell & Ramsey, for the appellant.

Messrs. Turner & Holder, for the appellee.

Per Curiam: This was an action on the case, brought by Gottfried Neutzel against the Ohio and Mississippi Railway Company, to recover damages for the destruction of the plaintiff's crops by water, it being alleged that the water by which said crops were destroyed was dammed back upon and caused to overflow the plaintiff's land by an embankment constructed and maintained by the defendant along the bottom lands and across a branch of a natural water-course. At the trial, the jury found the defendant guilty and assessed the plaintiff's damages at $900, and for that sum and costs the plaintiff had judgment. Said judgment has been affirmed by the Appellate Court, and this appeal is from the judgment of affirmance, the judges of the Appellate Court having granted the necessary certificate of importance. In their order allowing the appeal, said judges state that the question upon which the case is certified to this court is, "whether expert testimony is admissible to show the laws of alluvial streams, the cause and manner of growth of deposits of sediment, and the effect of such deposits upon such streams in a long course of years, in a case where the channel of the stream has been obstructed."

The case of *O. & M. Ry. Co.* v. *Webb,* 142 Ill. 404, in which the opinion is filed simultaneously with this, involved the question of damages to other lands in the same vicinity and from the same overflow of water. In that case expert testimony of the character above indicated was excluded, and we held such exclusion to be erroneous and reversed the judgment for that reason. What we have there said applies to the present case and necessitates the same result.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*