## City of Chicago v. Ellen McCarthy.

1. NEGLIGENCE—*Obstruction to Streets.*—Permitting a plank to remain sticking up from a hole left by a broken cover of a manhole in a street, from the morning of one day to the night of the next, makes it a question for a jury whether the city was negligent.

2. SAME—*Careless Driver.*—The fact that the driver of a carriage may be careless does not excuse the city if it has been negligent in permitting obstructions to streets.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

ROY O. WEST, BENJAMIN F. RICHOLSON and WORTH E. CAYLOR, attorneys for appellant.

William E. Mason, attorney for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellee, riding in a buggy with her cousin and his wife, between ten and eleven o'clock at night, on State street in Chicago, near 53d street, was thrown out and injured by the buggy being overturned from running against a plank sticking up from a hole left by a broken cover of a manhole. The city proved that the plank had been so sticking up from the morning of the day before. Whether the cousin, who was driving, was as careful as he should have been, we need not inquire, for his carelessness—if he was careless—does not excuse the city if it was negligent. Chicago City Ry. v. Wilcox, 33 Ill. App. 450; 138 Ill. 370.

That such an obstruction should not be left in a public highway from the morning of one day until the night of the next seems true, and the fact that it was so left, at least made it a question for the jury whether the city was negligent.

The judgment was for $2,000. We can not say that it is more than adequate compensation for the injuries she sustained.

No instructions given or refused are in the abstract, or complained of by the brief for the city.

The case stands on the facts only, and we can not disturb the judgment. Affirmed.