64   605
165s  325

## West Chicago Street Railroad Co. v. Minnie D. Piper.

1.   VERDICTS—*On Conflicting Evidence.*—A verdict upon conflicting evidence is, as a general rule, conclusive upon the parties.

**Trespass on the Case,** for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1896.   Affirmed.   Opinion filed June 11, 1896.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

HIRAM BLAISDELL and JOHN F. WATERS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action in which the appellee recovered a judgment against the appellant for personal injury, alleged to have been caused by negligence of the appellant.

She was a passenger in a carette (omnibus) which was struck on the side by a grip car of the appellant on a curve on a street corner.   The carette was crossing the car track.

Of course, with a woman suing a street railroad, the jury would say that the railroad was in fault; because the mere fact that the side of the carette was struck by the front end of the grip car, demonstrates that the carette was first on the crossing, and had the right of way.

In addition to that, the conflicting evidence really made it a question which was in fault. The court instructed the jury that if both the driver of the grip and the driver of the carette were in fault, she was not chargeable with the fault of the latter; which is correct law. Chicago City Ry. v. Wilcox, 33 Ill. App. 450, cites the cases.

It was admitted that the appellee once sued the carette company, but what became of the case the appellant failed to show, or rather fails to present here any evidence of such showing, as the documents are not in the abstract.

She testified that she did not know whether she received any money from the carette company; that her attorneys probably received $100. Whether incompetent evidence, on her part, of the terms of settlement (if one was made) with the carette company was received, is immaterial, because such evidence could be only in rebuttal of a defense not proved.

There is no error and the judgment is affirmed.