## North Kankakee St. Ry. Co. v. John R. Blatchford, Adm.

1. EXPERT—*Definition.*—An expert is one instructed by experience, and to become such requires a course of previous habit and practice, or of study, so as to be familiar with the subject under consideration.

2. EXPERT TESTIMONY.—*Witness to be Shown Competent.*—Before a witness can be permitted to give an opinion as an expert, he must be shown to be competent as such, to give it.

3. SAME—*When Not Admissible as Such.*—Where a matter requires no special knowledge and may be determined by a jury upon a sufficient description of the apparatus and the manner in which it is used, the conditions may be proved by witnesses and the conclusions drawn by the jury.

4. CROSS-EXAMINATION—*Plaintiff Can Not Establish his Case on.*—It is improper to permit a plaintiff to attempt in the first instance to establish any branch of his case by the cross-examination of his adversary's witnesses.

5. NEGLIGENCE—*Not to be Imputed to Infants.*—The law will not impute negligence to an infant three years and four months of age.

Action in Case.—Death from negligent act. Trial in the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

PADDOCK & COOPER and A. L. GRANGER, attorneys for appellant.

W. R. HUNTER and W. H. SAVARY, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action on the case brought by appellee as administrator of the estate of Florence Blatchford, deceased, to recover damages of appellant for its alleged negligence in causing her death.

The deceased, who was three years and four months old at the time, was, on the 6th day of May, 1897, sent by her mother to spend the day with her aunt, Mrs. Bond, who lived on the line of appellant's street railway. Mrs. Bond sent deceased and her own child, a boy aged six years, out into the yard to play. After a time they crossed the street on the further side of appellant's tracks to play with other children in a sand pile. The two children, seeing one of defendant's cars approaching, attempted to recross the street to the house of Mrs. Bond, when Florence was struck by the car and killed. There are four counts in the declaration. The first and fourth charge that the car was running at an unsafe rate of speed, and was negligently and carelessly managed. The second count alleges, in addition, the failure to use fenders on the cars. The third count alleges negligence in the use of a vestibule, so constructed as to prevent the motorman from seeing persons of small stature immediately in front of the car. The general issue was filed and upon trial the jury rendered a verdict in favor of plaintiff for $900. A motion for a new trial was overruled and judgment entered upon the verdict.

In support of the second count of the declaration, the witness Reed was permitted to testify as an expert concerning the use of fenders on cars operated upon electric street railways. The admission of this testimony was objected to by appellant, but the objection was overruled by the court. He testified that he had no practical experience in the construction and operation of electric street railways; that

fenders were not in general use in the State of Illinois, except in the city of East St. Louis; that they had recently come in use to a limited extent in the city of Chicago; that he had seen them in use in a number of cities outside of this State; that he had never kept a record for the purpose of ascertaining whether the use of fenders made the cars to which they were attached, more or less dangerous to the public, than cars which did not use them, and only knew in that particular what operators had told him; that he never compared casualties on roads using fenders with roads not using them, and that he never saw a fender attached to a car strike any one. Yet he was permitted to testify as to the effect which would be produced by a fender coming in contact with a person on the track, and to give his opinion as to the effect of the use of such apparatus upon the safety of the public. If expert evidence was admissible at all, there was no proper foundation laid for the testimony of this witness. Before a witness can be permitted to give an opinion as an expert, he must be shown to be competent to give the same. C. & A. R. R. Co. et al. v. S. & N. W. R. Co., 67 Ill. 142.

" An expert is one instructed by experience, and to become such requires a course of previous habit and practice, or of study, so as to be familiar with the subject." Bradner on Evidence, p. 378; Rodgers on Expert Testimony, p. 2.

This witness was not shown to have had the experience or knowledge necessary to constitute him an expert. If, on the other hand, the question as to whether or not the use of a fender adds to the safety of the public is a matter which requires no special knowledge and may be determined by a jury upon a sufficient description of the apparatus and the manner in which it is used, it was not proper to permit the witness to give an opinion as an expert upon the subject. I. C. R. R. Co. v. The People, 143 Ill. 434.

In such case the conditions may be proved by the witnesses but the conclusions must be drawn by the jury. In either event the admission of the testimony of the witness Reed, giving his opinion concerning the matters presented, was erroneous.

The court also permitted appellee to cross-examine appellant's witness, Hildreth, the motorman, concerning the position and general manner of construction of the vestibule of the car, notwithstanding the fact that the witness had not been interrogated concerning that subject in his direct examination.

The third count of the declaration alleges negligence in the construction of the vestibule, but appellee had introduced no evidence to sustain the charge, there being a mention by one of appellee's witnesses that the car had " a vestibule paneled below and the upper part glass." It was manifestly improper to permit the appellee to attempt, for the first time, to establish any branch of his case by the cross-examination of appellant's witness. The objection to such cross-examination should have been sustained. The court should also have sustained the objection to the question asking the witness, Mrs. Edgeworth, concerning the custom of the children of the neighborhood to play in the streets, prior to the date of the accident in question. If, as a matter of fact, it was dangerous for children of tender age to play in the street where electric cars were moving back and forth, the fact that such was the custom of the neighborhood would not make it less dangerous, nor would it relieve the parent or person having the custody of such child from the exercise of such ordinary care for the safety of the child, as the dangers of the situation demanded.

The second instruction given for appellee told the jury if they found the parents of the deceased and those having her in charge, were exercising ordinary care for her safety at the time in question, and the defendant was guilty of negligence causing the accident, they should find for the plaintiff. This left out all possible contributory negligence on the part of the child itself, and the giving of the instruction is for that reason assigned for error.

In the case of C. & A. R. R. Co. v. Becker, Adm'r, 84 Ill. 483, it is said, in speaking of a boy between six and seven years of age who had been run over and killed by a train of cars, that " the law will not impute negligence to an infant

of such tender years," and similar language was used in reference to a child six years of age who had been injured by a street car in the case of Chicago City Ry. Co. v. Wilcox, 33 Ill. App. 450.

Florence Blatchford was at the time of her death but three years, four months of age, and by reason of her tender years, negligence can not in law be imputed to her. The instruction was therefore proper, and correctly stated the law.

The refusing of instruction No. 14 in regard to the measure of damages, and No. 15 stating the rule in regard to negligence of the custodian of a child, offered by appellant, is assigned as error. These instructions, however, were fully covered, so far as they were correct, by other instructions given in the case on behalf of appellant.

For the reasons above stated, the judgment will be reversed and the same remanded for another trial. Reversed and remanded.