The Chicago and Alton Railroad Company

*v.*

Theresa Fell.

*Opinion filed October 13, 1899—Rehearing denied December 13, 1899.*

1. Trial—*court must refuse peremptory instruction for defendant if the evidence tends to prove plaintiff's case.* In an action against a railroad company to recover for personal injuries sustained at a public crossing, a peremptory instruction for the defendant is properly refused where there is evidence tending to prove that the plaintiff used due care and was injured by the negligent acts of the defendant company, as alleged.

2. Appeals and Errors—*in passing on refusal of a peremptory instruction Supreme Court does not weigh evidence.* In passing upon the propriety of the trial court's refusal of defendant's peremptory instruction in a personal injury case, it is not the province of the Supreme Court to say that evidence in the record tending to prove the plaintiff's allegations of due care and negligence was overcome by the weight of contrary evidence.

*Chicago and Alton Railroad Co.* v. *Fell,* 79 Ill. App. 376, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.

J. E. Pollock, (William Brown, of counsel,) for appellant.

Fifer & Barry, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The appellee recovered a judgment in the McLean circuit court, against appellant, for a personal injury, which judgment the Appellate Court affirmed, and thus settled adversely to appellant all controverted questions of fact involved in the case. At the close of the evidence defendant asked the court to instruct the jury to find defendant not guilty, and the refusal of this instruction is the principal error insisted upon here by appellant.

The evidence shows that the plaintiff, at the time she was injured, was going to the depot of the defendant, in Bloomington, at about one o'clock in the afternoon, to meet her mother, who was expected to arrive about that time on a train coming northward on appellant's road. The plaintiff was nearing the depot, walking on Washington street, a public street of the city continuously used at that place by many people, and had stepped across the nearest rail and upon the track of defendant's road, which there crossed Washington street on the street grade, when she was struck by the engine of a southbound passenger train of defendant and thrown to the side of the track. Her right foot was run over by a wheel of the forward car and so crushed and mangled as to require amputation, and she was injured in other parts of her body also. Whether she looked or listened, or otherwise observed proper caution to ascertain whether a train was approaching before she stepped upon the track, and whether her view was obstructed and the noise of the train drowned by other noises proved, and whether the trainmen in charge of the engine were observing a proper lookout to avoid collisions at such public crossing and were or not running the train at a speed prohibited by the ordinances of the city, and whether or not the bell was rung or whistle sounded as required by the statute, were all questions of fact controverted on the trial and finally settled before the case reached this court.

We cannot agree to the view of appellant's counsel that there was no evidence to go to the jury tending to prove that the plaintiff used due care for her own safety and was injured by the negligent acts of the defendant, as charged in the declaration. The record shows such evidence, and it is not within our province to say that it was overcome by the weight of evidence to the contrary. The decision of the court in refusing the instruction and in submitting the issue to the jury was correct.

Exceptions were taken to the rulings of the court in giving and refusing other instructions, but we find no error in those rulings.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*