The Chicago and Alton Railroad Company

*v.*

Anton Lewandowski.

*Opinion filed April 18, 1901—Rehearing denied June 6, 1901.*

1. Negligence—*when question of contributory negligence is for the jury.* The question of contributory negligence on the part of the plaintiff, who had waited at a public street crossing for an east-bound freight train to pass on the north track and then stepped across to the south track where he was struck by a train coming west, is for the jury, under evidence that the night was dark and that plaintiff did not see the headlight, if it was lit; that the train west was running with steam shut off and at a high and prohibited rate of speed over the most public traveled street of the village; that plaintiff's view was obscured by smoke and dust from the other train, and that if the bell was rung plaintiff did not hear it owing to the noise made by the other train.

2. Evidence—*what not improper cross-examination.* If the defendant in a personal injury case calls a witness who testifies that he had never known a case where a person had been knocked forty feet by an engine and lived, it is proper, on cross-examination, for plaintiff's counsel to ask him if he did not know a certain person, who lived in the vicinity, who had been knocked fifty feet by an engine and was still living.

3. Witnesses—*what witnesses competent to testify as to plaintiff's age.* The plaintiff in a personal injury case is a competent witness to testify as to his own age when he signed a release of damages; so, also, is a relative who had known the plaintiff since he was six years old, and had been informed by the plaintiff's father, who had since died, on what day plaintiff was born; so, also, a woman who had known the plaintiff since he was an infant may testify as to the year in which he was born.

4. Expert testimony—*when opinions of experts are not to be received.* Opinions of witnesses are not ordinarily to be received in evidence because they may have had some experience or greater opportunities for observation than others, unless such opinions relate to matters of skill and science.

5. Same—*when defendant cannot complain of plaintiff's expert testimony.* Although the question whether a man can be knocked forty feet by an engine and live is not a proper subject for expert testimony, yet the defendant cannot complain of the opinions of medical experts called by the plaintiff to rebut the opinions of railroad men upon the subject, who were called by the defendant as experts.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. G. W. BROWN, Judge, presiding.

LEE & HAY, (WILLIAM BROWN, of counsel,) for appellant.

HERMAN WELK, SETH F. CREWS, and RALPH CREWS, (THOMAS B. LANTRY, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by the appellee against the appellant, in the circuit court of Cook county, to recover damages for a personal injury inflicted upon him while crossing the railroad tracks of the appellant on a public street in the village of Lemont, in said county, by being struck by a locomotive pulling a freight train.

The declaration contained four counts, the last of which the court instructed the jury to disregard. The first count charged negligence in general terms; the second, in running said engine and cars at a greater rate of speed than allowed by the ordinances of said village; and the third, in failing to ring a bell or sound a whistle. The defendant filed the general issue, also a special plea, in which was set up a release by the plaintiff to the defendant of the cause of action declared on. To the additional plea the plaintiff, by leave of court, filed two replications, in the first of which he averred that he was under the age of twenty-one years when said release was executed, and that he had offered to return to the defendant the money paid him at the time of the execution thereof; and in the second, that he did not receive said sum of money in full satisfaction and discharge of the cause of action declared on in his declaration,—to which the defendant filed a general denial.

This case has been tried four times, resulting each time in a verdict for the plaintiff. At the last trial the

verdict was for $10,500, upon which the court rendered judgment after overruling a motion for a new trial, which judgment has been affirmed by the Branch Appellate Court for the First District upon the appellee entering a *remittitur* in that court of $4500, and a further appeal has been prosecuted to this court.

Special interrogatories were submitted to the jury, upon which it returned, with its verdict, special findings, as follows:

Q. "Did a car or cars of the train that came from Joliet, going to Chicago, run over the plaintiff's left foot? —A. No.

Q. "Did a car or cars of the train that came from Chicago run over the plaintiff's foot?—A. Yes.

Q. "Did the engine and cars of the train that came from Chicago run over the plaintiff's left foot?—A. Not the engine, but the cars.

Q. "How old was the plaintiff on September 11, 1889? —A. Twenty years, three months, twenty-eight days.

Q. "At what rate of speed did the train that came from Chicago cross Stevens street?—A. Twenty-three miles per hour.

Q. "Did the engine on the train that came from Chicago ring a thirty-pound bell continuously for at least eighty rods before reaching Stevens street?—A. The bell on the engine, we believe, was ringing.

Q. "Did the engine on the train that came from Chicago sound a whistle at least eighty rods before reaching Stevens street?—A. We believe that the only whistle blown was at the mile-post.

Q. "Was the plaintiff struck by the train that came from Chicago at Stevens street?—A. Yes.

Q. "Did the smoke from the train that was going to Chicago prevent the plaintiff seeing the train that came from Chicago?—A. Yes."

At the close of the plaintiff's testimony, and again at the close of all the testimony, the defendant moved the

court to instruct the jury to find for the defendant, which the court declined to do, to which ruling of the court in that behalf the defendant excepted.

The appellant's railroad, in running south from Chicago towards Joliet, passes through Lemont, a village of about five or six thousand inhabitants. There are two tracks, running side by side, passing through the village, which at Stevens street are located on Main street and run in an easterly and westerly direction. The north track is used by trains going east and the south track by trains going west. The depot is located on State street, south of the tracks, and about two blocks west of Stevens street. Stevens street crosses the tracks almost at right angles and is the main street in the village, the principal business district of the village being located thereon, north of the railroad. The accident happened on the evening of the 11th of September, 1889, at about 7:40 o'clock. The appellee lived on the south side of the tracks, and, desiring to go to a drug store on the north side thereof, he approached the Stevens street crossing from the south as an east-bound freight train was passing over the crossing on the north track,—the farther track from him. There was a west-bound freight train approaching the crossing from the east, on the south track. He waited until the way-car of the east-bound train had passed the crossing, looked up and down the track, and listened to ascertain whether or not a train was approaching from the east. Seeing or hearing nothing he stepped upon the track, when the engine from the west-bound train struck him and he was thrown some thirty or forty feet to the west. His left foot was crushed, necessitating amputation below the knee, his right ankle and right elbow were fractured, two ribs broken and a severe injury inflicted upon his head.

It is contended on behalf of appellant that appellee was guilty of such contributory negligence as to prevent a recovery in this case. The evidence tended to show

that it was dark at the time of the accident; that the train which injured appellee was running down grade, with the steam shut off and making little noise, at a high and prohibited rate of speed over the most public traveled street of said village; that the only whistle sounded was at the mile-post; that the plaintiff's view of the approaching train was obscured by the smoke and dust of the train which had just passed; that if a bell was rung, by reason of the sound of the passing train he did not hear it, nor did he, or others in the immediate vicinity, see a headlight upon the approaching locomotive, if the same was lighted. The question whether appellee exercised ordinary care for his own protection was dependent upon all the surrounding circumstances. In this case the facts are such that reasonable men of fair intelligence might readily draw different conclusions therefrom. The question of negligence was therefore properly submitted to the jury.

In *Chicago and Alton Railroad Co.* v. *Fell,* 182 Ill. 523, which was an action against a railroad company to recover for personal injuries sustained at a public crossing, on page 524 we say: "Whether she (the plaintiff) looked or listened, or otherwise observed proper caution to ascertain whether a train was approaching before she stepped upon the track, and whether her view was obstructed and the noise of the train drowned by other noises proved, and whether the trainmen in charge of the engine were observing a proper lookout to avoid collisions at such public crossing, and were, or not, running the train at a speed prohibited by the ordinances of the city, and whether or not the bell was rung or whistle sounded as required by the statute, were all questions of fact controverted on the trial and finally settled before the case reached this court." In *Chicago and Northwestern Railway Co.* v. *Hansen,* 166 Ill. 623, it was held not to be negligence, in every case and under all circumstances, for a person whose view is obstructed by smoke and dust from a train

passing on one track to step upon a parallel track before his view becomes unobstructed; that where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of contributory negligence should be submitted to the jury. And in *Chicago and Alton Railroad Co.* v. *Pearson,* 184 Ill. 386, on page 390 we say: "The killing of Thompson by the train was admitted, and the remaining question is whether the court could say, as matter of law, that he was not in the exercise of ordinary care for his own safety. There was no dispute at the trial as to the manner in which he walked upon the track where he was struck and killed. After he crossed the side-track he could have seen the approaching train if he had looked. It was in plain sight for a long distance, and he did not look in the direction from which it was coming or give any attention to it. A traveler upon a highway approaching a crossing is required by the law to use such care as a person of ordinary prudence would exercise under the same circumstances. This ordinarily demands the use of his faculties, and sight and hearing are the senses by which he may discover whether there is a train approaching or not. It was a necessary element of plaintiff's case to prove the exercise of such care, and the conduct of the deceased, with all the surrounding circumstances, was placed before the jury. The evidence showed that the north-bound train was passing on the further track, with the usual noise attendant upon a freight train, and it is evident that the attention of the deceased was attracted by that train. It is not a rule of law that the omission of the duty to look and listen will bar a recovery where there are facts excusing the performance of that duty, (Elliott on Railroads, sec. 1166,) and it is the settled rule of this court that it cannot be said, as a matter of law, that a person is in fault in failing to look and listen if misled without his fault or where the surroundings may excuse such failure. (*Pennsylvania Co.* v. *Frana,* 112 Ill. 398; *Chi-*

*cago and Northwestern Railway Co.* v. *Dunleavy,* 129 id. 132; *Terre Haute and Indianapolis Railroad Co.* v. *Voelker,* id. 540; *Chicago and Northwestern Railway Co.* v. *Hansen,* 166 id. 623.) The jury were to determine, as a question of fact, in view of all the surroundings, whether the deceased was guilty of negligence in failing to look and listen for the other train.    Whether these circumstances relieved him from the duty of looking and listening required the submission of the case to the jury, and there was no error in refusing to give the peremptory instruction."

It is further contended by appellant that counsel for appellee, in the cross-examination of one of appellant's witnesses, incorporated into his questions statements of fact concerning other accidents in such a way that he thereby gave irrelevant and inadmissible testimony in the case.    There was a conflict in the evidence as to whether appellee was struck by the engine at the Stevens street crossing or upon the right of way of the appellant, several feet west of the west line of said street.    The evidence of appellee tended to show that he was struck at the Stevens street crossing and thrown or carried by the momentum of the train thirty'or forty feet west of the west line of said street.    To meet such evidence the appellant called the road foreman of engines of the Chicago, Burlington and Quincy railway as an expert, and propounded to him the following question, among others, which, over the objection of appellee, he was permitted to answer: "Q. Now state whether or not, in your opinion, it is possible for a person to be struck by such a train of cars running at that rate of speed, and to be thrown thirty or forty feet, and to live afterwards?— A. I have never known of a case where a man would be knocked forty feet—knocked hard enough to be thrown forty feet—and live."    Upon cross-examination, counsel for appellee inquired of the witness as to his knowledge of certain cases which he specifically called his attention to in the manner following: "Q. Do you know a boy by

the name of Fred Schultz that was hit by an engine and knocked fifty feet ahead and is living to-day?—A. I do not. Q. Fred Schultz lives out here at Lyons and was hit at the crossing at Riverside; do you know him?—A. No, sir. Q. Ever hear of that case?—A. No sir." The witness, in reply to the interrogatory propounded to him, had said he had never known of a case where a man had been hit by a train and thrown forty feet and lived. In view of such answer we see no objection to the cross-examination. It was sought thereby to test the knowledge of the witness upon the subject about which he had testified. The appellant, having entered upon such subject in the examination in chief, cannot complain if the appellee be allowed to cross-examine upon the matters brought out by such examination.

It is urged the court erred in admitting incompetent evidence as to the age of appellee at the time of the execution of said release. The appellee was a competent witness to testify upon the subject. So, also, was his brother-in-law, who had known him since he was six years of age, and who had been informed by the father of appellee, who had since died, on what day appellee was born. The witness Lena Zarach, who had known appellee since he was an infant in his mother's arms, might properly testify to the year in which he was born, the weight of the evidence of each of said witnesses being left to the jury. *Greenwood* v. *Spiller*, 2 Scam. 502; *Cheever* v. *Congdon*, 34 Mich. 296; *Morrison* v. *Emsley*, 53 id. 564; *Hill* v. *Eldridge*, 126 Mass. 234; *Houlton* v. *Manteuffel*, 51 Minn. 185; *Pearce* v. *Kyzer*, 16 Lea, (Tenn.) 521; 57 Am. Rep. 240; *Commonwealth* v. *Stevenson*, 142 Mass. 466.

The appellant called a number of railroad men as expert witnesses, who testified that in their judgment a person could not be struck by a locomotive engine pulling a train of freight cars and running at the rate of twenty-five or thirty miles an hour and survive, while the appellee called a number of medical men who testi-

fied that in their opinions a person could be struck by a train moving at said rate of speed and thrown that distance, or even a greater distance, and live. It is said it was error to allow the medical witnesses to give expert testimony upon such subject, as it called for their opinions upon subjects that were outside of their profession. We think the record shows that the witnesses for the appellee were as well qualified to speak upon the subject as those called by the appellant. We are of the opinion, however, that the subject inquired about was not a proper subject for expert testimony, but as the error was invited by appellant it cannot now complain. The subject of the proposed inquiry was upon a matter of common observation, upon which the jury were capable of forming a correct judgment, and upon which they would be more likely to be misled and confused than enlightened by the opinions of the so-called experts. In the case of *Hellyer* v. *People*, 186 Ill. 550, on page 558 we say: "The subject of the proposed inquiry was a matter of common observation, upon which the lay or uneducated mind is capable of forming a correct judgment. In regard to such matters experts are not permitted to state their conclusions. In questions of science their opinions are received, for in such questions scientific men have superior knowledge and generally think alike. Not so in matters of common knowledge. (*Milwaukee and St. Paul Railway Co.* v. *Kellogg*, 94 U. S. 469.) 'Whenever the subject matter of inquiry is of such a character that it may be presumed to lie within the common experience of all men of common education moving in the ordinary walks of life, the rule is that the opinions of experts are inadmissible, as the jury are supposed in all such matters to be entirely competent to draw the necessary inferences from the facts testified of by the witnesses.'. (Rogers on Expert Testimony, sec. 8; *Ohio and Mississippi Railway Co.* v. *Webb*, 142 Ill. 404.) As a general rule, the opinions of witnesses are not to be received in evidence merely be-

cause such witnesses may have had some experience or greater opportunities of observation than others, unless such opinions relate to matters of skill and science.— *Robertson* v. *Stark*, 15 N. H. 109; *Marshall* v. *Columbian Ins. Co.* 7 Fost. (N. H.) 157; *Protection Ins. Co.* v. *Harmer*, 2 Ohio, (Warden,) 452; *People* v. *Godine*, 1 Denio, 281; *Westlake* v. *St. Lawrence, etc. Ins. Co.* 14 Barb. 206; *Smith* v. *Gugerty*, 4 Barb. 614; *Folkes* v. *Chudd*, 3 Doug. 157; 1 Smith's Lead. Cas.—5th Am. ed.—630; *Daniels* v. *Mosher*, 2 Mich. 183."

The court gave to the jury two instructions on behalf of the appellee upon the measure of damages, which informed the jury if they found for the plaintiff, in estimating his damages they might take into consideration the injury inflicted, the pain and suffering undergone, the permanent injuries sustained, also the impairment of his power or ability to earn money. It is said this permitted the jury to consider all injuries sustained by the plaintiff occasioned on the evening of September 11, 1889, at the time of the accident at Stevens street. There is no force in this objection. The declaration is broad enough, after verdict, to support a judgment for plaintiff for all the injuries which he sustained on that occasion. (*Chicago and Alton Railroad Co.* v. *Redmond*, 171 Ill. 347.) To hold that the plaintiff might recover in this suit for being struck by a locomotive engine, and in another for the injury to his foot by being run over by the cars on the same occasion, would be absurd, although such is the logical result of the contention of the appellant. The plaintiff cannot thus divide his cause of action.

The Appellate Court did not err in affirming the judgment for $6000, being the amount left after deducting the $4500 remitted. *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson*, 88 Ill. 431; *North Chicago Street Railroad Co.* v. *Wrixon*, 150 id. 532; *City of Chicago* v. *Duffy*, 179 id. 447.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*