# H. W. Baethke, Administrator, Plaintiff in Error, v. Aurora, Elgin and Chicago Railroad Company, Defendant in Error.

## Gen. No. 15,742.

CONTRIBUTORY NEGLIGENCE—*failure to look and listen.* It is not contributory negligence, as a matter of law, for one seeking to cross railway tracks to fail to look and listen. *Held,* under the evidence in this case, that the question of contributory negligence should have been submitted to the jury.

Action in case for death caused by alleged wrongful act. Error to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 3, 1911.

STEPHEN JANOWICZ, WALKER M. YEATMAN and CYRUS J. WOOD, for plaintiff in error.

HOPKINS, PEFFERS & HOPKINS, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

John Barnowski was killed upon a crossing of a track of the defendant in error; and suit was brought by the administrator of his estate.

The accident happened about 6:30 o'clock on the morning of September 12, 1907.    It was a clear, bright morning.    The tracks of the defendant in error run westward from Chicago through Maywood to Aurora. There are double tracks at 13th avenue, Maywood, where the accident happened.    These tracks run practically due east and west.    Plaintiff's intestate was struck while crossing on the plank sidewalk, as he approached the south rail of the north track, by the corner of a car which was going west.

The evidence of the plaintiff in error tended to show that the deceased did not look to the east, from which direction the train was coming, as he approached the crossing.    The trial court, at the conclusion of the plaintiff's case, directed a verdict for the defendant, evidently upon the assumption that the conduct of the deceased was such as to constitute contributory negligence as a matter of law. Under the authority of two decisions, one of which has been announced by the Supreme Court of this state since the trial was had in the case before us, we think that the action of the trial judge was erroneous.    In the case of Dukeman v. C. C. C. & St. L. Ry. Co., 237 Ill. 104, the court says, on page 107:

"The evidence does not show that the deceased failed to look or listen for the approach of the train, and if it did, such failure would not be negligence *per se*.    A failure to look and listen cannot be said to be negligence as a matter of law, since there may be many circumstances excusing such failure."

In the case of Winn v. C. C. C. & St. L. Ry. Co., 239 Ill. 132, the court says, on page 139:

"This court has repeatedly held that a traveler approaching a railroad crossing is required to use such care as a person of ordinary prudence would exercise under the same circumstances, and this ordinarily demands the use of the faculties of sight and hearing to discover whether a train is approaching or not, but it

cannot be said, as a matter of law, that the failure to look or listen under all circumstances will bar a recovery. It is usually a question of fact for the jury to determine, in view of all the surrounding circumstances, whether failure to look and listen constitutes negligence or lack of due care.''

Indeed, the question before us seems to have been decided in a much earlier case, in which Mr. Justice Craig, speaking for the court, says:

''But it is always a question of fact for the jury to determine from the evidence whether the person injured has exercised proper care and caution in crossing a railroad track, and not a question of law.'' (Pennsylvania Co. v. Frana, 112 Ill. 398, 405).

In the case we are considering there was testimony tending to show that the statutory signals had not been given and that the train was running at a higher rate of speed than was compatible with safety at a grade crossing where there was no watchman.

We think the case should have been submitted to the jury, under the authority of the decisions cited and of many others, among which the following may be mentioned: T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540, 554; C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623; Chicago City Ry. Co. v. Robinson, 127 Ill. 9; 27 Ill. App. 26; Partlow v. Illinois Central R. R. Co., 150 Ill. 321; C. B. & Q. R. R. Co. v. Gunderson, 174 Ill. 495; 74 Ill. App. 356; C. & A. R. R. Co. v. Pearson, 184 Ill. 386; 82 Ill. App. 605; Chicago Junction Ry. Co. v. McGrath, 203 Ill. 511, 516; C. & A. R. R. Co. v. Lewandowski, 190 Ill. 301; C. & A. R. R. Co. v. Fell, 182 Ill. 523; E. J. & E. Ry. Co. v. Raymond, 148 Ill. 241; 47 Ill. App. 242; E. J. & E. Ry. Co. v. Lawlor, 229 Ill. 621.

In cases like these it would seem that the power of the trial court is limited to the granting of a new trial, if there is a verdict of the jury in favor of the plaintiff and if, in the opinion of the court, such verdict is

against the clear weight of the evidence.    The court may not, however, direct the jury to find a verdict for the defendant.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*