CITY OF CHICAGO

v.

JOHANNA LESETH.

*Municipal Corporations—Negligence of—Personal Injuries—Damages.*

1. Trial judges should exercise their powers to cut down excessive verdicts in personal injury cases.

2. This court declines to interfere with a judgment for $15,000 in the case presented.

[Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. JACOB J. KERN and E. S. BOTTUM, for appellant.

City of Chicago v. Leseth.

Messrs. Story, Westover & Story, for appellee.

Moran, J. This appeal is prosecuted from a judgment against the city for an injury received by appellee by stepping into a hole in the sidewalk.

We have fully considered all the points made by the counsel for appellant, some of which are strenuously and ingeniously pressed, but we are not able to say that any error was made upon the trial, either in admitting or excluding evidence or in instructing the jury. The evidence fully sustains the verdict so far as the appellant's liability is concerned, and yet we affirm the judgment with reluctance on account of the amount thereof.

The jury returned a verdict for $20,000, from which the court required that $5,000 should be remitted, and rendered a judgment for $15,000 against appellant. The injury is indeed shown to be serious; a displacement of the womb, causing an interruption of the natural functions, and constant inflammation and pain, from which the physician testifies she can not get well except by a dangerous operation, and possibly not by that. Nevertheless, the judgment is very large.

There is a noticeable tendency to large verdicts in injury cases in this county within the last three or four years, which should be checked, and judgments kept within moderate limits. Large damages in such cases are the result of the sympathy which judges and jurors, in common with the majority of men, feel with the pain and suffering of the victims of such accidents. The limit of compensation for any actual pecuniary loss, such as loss of time, deprivation of ability to earn a livelihood, and necessary expenses incurred, is greatly exceeded, in a vain attempt to measure pain and suffering, and balance it by a reward in money. Here the field of absolute conjecture is entered, and with no rule to guide the judgment, the verdict is reached by pure and very frequently by most generous guessing.

The tendency to gross verdicts is such that if it does not receive a check, the bankruptcy of corporations liable in this class of cases must follow. The majority of the court are of

opinion that the judgment is not so excessive as to compel reversal of the trial judge, and the judgment must therefore be affirmed.

I think the judgment is too large, and that the excessive verdicts must find resistance somewhere. The trial judges should exercise their powers to cut them down within reasonable limits. It is their province to deal with such questions, and they can do so with more intelligence than a reviewing court.

*Judgment affirmed.*