| 68   613|
|170s   49|

# Chicago City Railway Company v. William Taylor.

1.   NEGLIGENCE—*Questions  for  the  Jury.*—Questions of negligence, or the lack of it, are within the especial province of the jury, and when properly submitted must be regarded as settled by the verdict.

2.   SPECIAL INTERROGATORIES—*Proper  Object  of.*—The proper object

of a special interrogatory is not to obtain answers to particular evidentiary facts, but should be confined to facts which, in their nature, are conclusive upon some question at issue.

3. DAMAGES—*What can not be Considered in Reduction of.*—The mere fact that a person permanently injured physically possesses mental qualifications and acquirements which enable him temporarily, at least, to earn higher pay in a clerkship, where he may sit while working, is no sufficient ground for cutting down the amount of his recovery.

4. DAMAGES—*$15,000 Not Excessive.*—Where a person is physically disabled from all active bodily exertion for the rest of his life—can only walk the streets with crutches, and at the end of four years is suffering great pain—a verdict for $15,000 is not excessive.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

W. J. HYNES and H. H. MARTIN, attorneys for appellant.

FREDERICK ST. JOHN and BENJAMIN F. RICHOLSON, attorneys for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of $15,000, recovered by the appellee, for injuries to his person.

The appellee was the driver of a horse car operated by the West Chicago Street Railroad Company on its Adams street line, which crosses at nearly a right angle the line of cable road operated by the appellant on State street, and the accident happened at the intersection of State and Adams streets.

While the horse car was moving westward across State street, the grip car of a north-bound cable train struck it toward its rear end, threw it from the track, and knocked the driver off so that he fell in front of his car, and, the horses becoming unmanageable, he was dragged along in front of and under the car for several feet, occasioning to him the injuries complained of.

The negligence charged against the appellant, in the several counts of the declaration, was the failure to give warning or signal of the approach of the cable train, its operation at an excessive and dangerous speed, and the failure to stop or slacken such speed, etc.

The want of ordinary care by the appellee for his own safety, and his own guilty negligence, and the lack of negligence by the appellant, are questions that are argued from the evidence with the ability and learning for which counsel for the appellant are deservedly distinguished, and if such questions were ones that we had the right under the law to take into our own hands, freed from the conclusions that the jury have drawn from evidence that leaves the several questions uncertain in fact, we would discuss them.   But it is so improbable that a like combination of stupidity and, possibly, criminal carelessness, by the drivers of two cars situated with reference to each other as these cars were, will arise again, that we will not take the time to set forth the evidence for the mere purpose of showing how peculiarly the questions of negligence, or a lack of it, that were submitted to the jury came within their special province, and must be regarded as settled by their verdict.

At the instance of the appellant the court submitted to the jury two special interrogatories as follows :

" First.   Was there a custom at Adams and State streets, prevailing at the date of the accident, which gave the cable trains the right of way over the horse cars ?

Eighth.   Could the plaintiff, Taylor, by the exercise of reasonable and ordinary care and watchfulness on his part have avoided the collision in question ? "

To each question the jury had answered " No," and such answers were entirely consistent with the general verdict.

We think the complaint, because the trial court refused to submit to the jury certain other special interrogatories that were asked by appellant, is not well founded.   They were all involved and embodied in the eighth one that was given, which was more general in its terms than either of

those that were refused, and presented a question which, if answered affirmatively, would have been conclusive against the appellee.

The proper object of a special interrogatory is not to obtain answers to particular evidentiary facts, but should be confined to facts which in their nature are conclusive upon some question at issue. Taylor v. Felsing, 164 Ill. 331.

As to the instructions, the only one concerning which the action of the court is argued to be erroneous, is the one to find the defendant not guilty. We have already said all that is required to answer such alleged error.

The excessiveness of the verdict is pressed upon our attention with special emphasis, and although we are impressed that it ought not to have been so large, we discover no legitimate ground upon which to base the requirement of a remittitur as a condition of affirmance for any less sum.

The trial seems to have been a fair one in every sense that a record can disclose, and the mere fact that a person so shockingly and permanently hurt physically, possesses mental qualifications and acquirements which enable him, temporarily, at least, to earn higher pay in a clerkship, where he may sit while working, than he received while a car driver, is no sufficient ground for cutting down his recovery.

The facts remain that it is quite probable that he is physically disabled from all active bodily exertion for the rest of his life; that he can walk the streets only by the aid of two crutches; that it is but conjecture that time may ameliorate his condition; that at the end of four years he is suffering great pain. In view of what this court has said in C. & E. I. R. R. v. Holland, 18 Ill. App. 418; Chicago City Ry. v. Wilcox, 33 Ill. App. 450; City of Chicago v. Leseth, 43 Ill. App. 480, this court will follow the example of the Supreme Court in Ill. Cent. v. Simmons, 38 Ill. 242, and " not take the responsibility of determining " that the damages are exorbitant.

We discover in the record no such error as demands that the judgment be reversed, and it will therefore be affirmed.

Mr. Justice Waterman dissents.