THE NATIONAL GAS LIGHT AND FUEL COMPANY

v.

JOHANNA MIETHKE, ADM'X.

*Master and Servant—Negligence of Master—Personal Injuries—Expert Testimony.*

1. A witness should not be permitted to state the inference or conclusion from a given state of facts, which it is the province of the jury to draw for themselves.

2. Where a question relates to some branch of science, or some particular art in which the witness is shown to have attained skill by study and experience, his opinion may be received.

3. In an action brought to recover for personal injuries alleged to have been occasioned through the negligence of the defendant, this court holds, in view of the introduction of improper testimony on behalf of the plaintiff, that the verdict in her favor can not stand.

[Opinion filed May 28, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. EDWARD W. RUSSELL and WILLARD M. McEWEN, for appellant.

Messrs. PAGE, ELIEL & ROSENTHAL, for appellee.

"The opinions of experts or skilled witnesses are admissible in evidence in those cases in which the matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it, for the reason that the subject-matter so far partakes of the nature of a science, art or trade, as to require a previous habit or experience or study in it, in order to acquire a knowledge of it." Rogers on Expert Testimony, Sec. 10.

"The opinion of witnesses possessing peculiar skill is admissible whenever the subject-matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance." Muldowny v. The Illinois Central Ry., 36 Ia. 473.

The opinion of an expert is admissible "because a man's professional pursuits, his peculiar skill and knowledge in some department of science, not common to men in general, enable him to draw an inference, where men of common experience, after all the facts proved, would be left in doubt." New England Glass Co. v. Lovell, 7 Cush. 319.

MORAN, J. Appellee recovered a judgment in the court below for the death of her husband, caused by the alleged negligence of appellant, while in the employ of appellant at Minneapolis, Minnesota. The second count of the declaration sets up the statute of Minnesota, which gives an action to the personal representatives of the deceased against the party whose wrongful act or omission caused the death, and said count no doubt sets out a good cause of action. Deceased was killed by an iron plate of about 340 pounds weight falling upon him,

while he was at work laying brick in a portion of the gas works which appellant was erecting at Minneapolis, said iron plate having been thrown by an explosion, in what was known as a scrubber, being a part of the apparatus of said gas works.

This scrubber was a sheet iron cylinder six feet in diameter, twenty feet high, and divided in two by a vertical diaphragm which reached from the bottom to within about eighteen inches of the top. The iron on the sides of the scrubber was about five-sixteenths of an inch thick, and there were in all six doors opening into it, three on each side of the diaphragm, arranged in pairs, the lower pair being about six inches from the bottom. The scrubber was filled on each side of the diaphragm with pine blocks, which served to purify the gas that came in contact with them, by removing from it the tar. The top of the scrubber was the iron plate, which was blown off by the explosion, and carried through the roof of the building, and which came down upon decedent at the point where he was at work.

The scrubber was at the time of the explosion connected by a pipe with a gas holder, in which gas was kept for distribution, and which was under constant pressure. Attached to said pipe was a Chapman valve, which had been placed by, and was under control of appellant, and there was also on the same pipe, near the gas holder, another valve, which was under the control of the Minneapolis Gas Light Company, for whose use the appellant company was constructing the new works. At the time of the explosion some mechanics were working at the lower doors of the scrubber on the opposite side of the diaphragm, from that on which the pipe entered; and for the purpose of testing the fit of the doors a lighted candle was placed inside the scrubber, whereupon the explosion took place.

In order to recover it was incumbent on the plaintiff to prove that the explosion was caused through the negligence of appellant, and her theory was that the Chapman valve was not properly tested, and was leaky, and that gas from the holder was introduced into the scrubber through the pipe and

valve, and diffused itself through the space on each side of the diaphragm, and that when the flame of the candle came in contact with it, it ignited and caused the explosion. Appellant combated this theory, and the principal issue of fact in the case, was the issue made between evidence tending to support and to oppose this contention. The testimony of one James A. Dodge, a professor of chemistry at the State University at Minneapolis, taken by deposition, was read by appellee, from which it appeared that the witness made an examination of the premises and machinery of the gas works, and particularly of the scrubber, immediately after the explosion. The witness described the plan of the scrubber, and some of the conditions which he discovered during the examination, and then, against the objection and exception of appellant, the court allowed the following question and .answer to be read to the jury:

"Q. What opinion or conclusion, if any, did you arrive at from that examination as to the cause of the explosion?" ·

"A. My opinion is, that the explosion was caused by gas from the gas holder passing through the pipe on the right hand of the scrubber, and entering the scrubber, and mixing with the air already in the scrubber, and being ignited by some flame applied at the lower part of the scrubber on the left hand side, probably by the door that I have mentioned."

The admission of this testimony was in violation of the principle, well settled and abundantly illustrated by adjudged cases, which governs the introduction of expert or opinion evidence. A witness is never permitted to take the place of the jury, and render the verdict for them, by stating the inference or conclusion from a set of facts, which it is the province of the jury to draw for themselves.

It is no reason for admitting the opinion of a witness that he may be, because of his education or superior intelligence, more capable of reasoning to correct conclusions from ascertained facts, than the average juror may be supposed to be. Where the question relates to some branch of science, or some particular art in which the witness is shown to have attained skill by study and experience, the opinion may be received, because the

relation of facts and results in such science or art can only be understood and determined by persons skilled and experienced therein. For instance, the skill of this witness as a chemist would entitle him to state to the jury the physical law of the diffusion of gases, or the proportion of gas and air which would constitute the most explosive mixture, and to give an opinion as to whether gas would pass through a valve which would be impervious to water under the same pressure. Opinions of the expert on such questions are evidence of facts to be taken by the jury and considered in connection with other facts, such as the connection of the gas holder with the scrubber, the apparent force of the explosion upon different parts of the cylinder, the appearance of the *debris* after the explosion, etc., from all of which they should draw the conclusion as to the cause of the explosion, and what, if any, negligence contributed to bring it about.

The opinion given was not upon matter within the proper domain of expert evidence. Birmingham Fire Ins. Co. v. Pulver, 27 Ill. App. 17; affirmed 126 Ill. 329; City of Chicago v. McGiven, 78 Ill. 347; Ferguson v. Hubbell, 97 N. J. 513; Citizens' Gas Light & Heating Co. v. O'Brien, 15 Ill. App. 400; Muldowney v. The Illinois Central Ry., 36 Iowa, 473.

It may be that if the facts had been stated, and no opinion given, the jury would have reasoned to the same conclusion reached by the witness; but there were other theories of the explosion which the appellants contended for, and introduced evidence to sustain, and it is impossible for us to say that the improper testimony had no effect in producing the verdict. It is only when the court can say from a consideration of the entire record that the verdict could not have been different if the evidence had not been admitted, that reversal for such an error can be avoided. Other points are argued by counsel for appellant, but we do not think it is necessary to enter into a discussion of them.

For the error indicated, the judgment must be reversed and the case remanded.

*Reversed and remanded.*