ILLINOIS CENTRAL RAILROAD COMPANY

v.

EMLEN S. BLYE.

*Witnesses—Estimate of Time by—Excessive Verdict—*Remittitur.

1. A witness should not be permitted to frame an answer to a question in such a way as to cover the very question to be found by the jury, where such finding is a conclusion based upon facts.

2. An excessive verdict may be cured by a *remittitur.*

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. E. R. WOODLE and C. V. GWIN, for appellant.

Messrs. JOHN M. SOUTHWORTH and JOSEPH B. MANN, for appellee.

MORAN, J. This action was brought to recover for an injury sustained by appellee, when alighting from one of appellant's suburban trains at 27th street station in the city of Chicago. It was alleged that the accident to appellee was caused by the failure of appellant's servants in charge of trains to stop the train at the station a sufficient time to enable appellee to safely depart therefrom, and that while in the act

of stepping down from the car the train was started with a jerk and she was thrown to the ground and sustained the injury complained of.

There was a conflict of evidence as to the length of time that the train stopped at the station. Plaintiff's witnesses stated the time variously from two to five seconds, and defendant's witnesses at from seventeen to thirty seconds. Plaintiff testified, that when the train reached the station she was standing up in the door of the car with her hand upon the door to steady her; that when the train came to a stop she immediately followed some other passengers who were preceding her, down the steps of the car, and by the time she reached the last step the train started. Appellant introduced a witness who testified that he was in the same car with appellee on the occasion of the accident; that appellee did not go out of the car when the train came to the station but stopped and held a conversation with some one in the car for four or five seconds while the train was standing, and that when the train started she was on the platform, and that she stepped off hastily after the train was in motion.

The witness was asked this question:

" How long did the train stop? What opportunity did this lady have for leaving the train?

A. I have no recollection of the time. She had sufficient opportunity if she had proceeded right out of the car."

This answer was on motion excluded by the court, as being an opinion of the witness and not a statement of fact, and this ruling of the court is assigned as error and seems to be chiefly relied on for a reversal. One of the very issues which the jury were to determine in this case was whether, if plaintiff had proceeded out of the car with ordinary diligence, she had a sufficient opportunity to do so. They were to determine that issue from evidence which should inform them how long the train stopped and what she did toward alighting. The answer excluded stated an inference or conclusion. It formulated the jury's verdict on the particular issue, instead of stating a fact or facts on which they might base a verdict themselves. Counsel argue that a witness is not confined in

estimating time, distance, quantity, etc., to a certain conventional standard, as of minutes or seconds, rods or miles, etc., but may choose his own form of expression and standard of comparison. That is very true, and the instance referred to by counsel of Horatio's measure of the time of the ghost's stay, is a happy illustration, of what would be a wholly unobjectionable answer—" While one with moderate haste might tell a hundred."

There is a very marked distinction between stating the time of such a comparison, and determining as the witness, did, that the opportunity given appellee to leave the train was sufficient. One witness testifies she had sufficient opportunity to alight if she had proceeded right out of the car. Another says she had not. What basis has such evidence given the jury ? No measure of time is given by either statement. A witness, though an expert, is never permitted to express an opinion in such a way as to cover the very question to be found by the jury. C. & A. R. R. Co. v. S. & N. W. R. R. Co.; 67 Ill. 142; Nat. Gas Lt. & F. Co. v. Miethke, 35 Ill. App. 629. The answer, though perhaps harmless, was technically improper, and there was therefore no error in its exclusion.

Complaint is made that the verdict was excessive. The court below required a *remittitur* of $3,500 from the verdict and entered a judgment for $9,000. It is the established practice in this State to allow excessive verdicts to be cured by remitting. The judgment rendered is large, but in view of the evidence tending to show that appellee is permanently injured, and in such a way as to diminish her earning capacity and to impair her ability to engage in pursuits for which she had fitted herself, we are unable to say that the amount fixed by the trial judge so exceeds a proper allowance of damages as to require that the judgment should be reversed.

We have considered the criticisms of appellant's counsel as to the instruction and we find no error committed in that respect.

The judgment will therefore be affirmed.

*Judgment affirmed.*