### Chicago City Ry. Co. v. Bessie L. Smith.

1. EVIDENCE—*Opinion on Matters of Common Knowledge.*—The opinions of experts—persons instructed by experience—are in many cases admissible as evidence, but not when the inquiry is into a subject-matter, the nature of which does not require any peculiar habits or study, or scientific knowledge to understand it.

2. SAME—*Opinions of Experts in Cases Where the Facts can be Ascertained.*—The opinions of witnesses should not be received as evidence where all the facts upon which such opinions are founded can be ascertained and made intelligible to the court or jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

WM. J. HYNES and JAS. W. DUNCAN, attorneys for appellant.

LORENZO E. DOW and CHARLES A. ALLEN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action for personal injury, received under circumstances, the appellee's version of which is sufficiently indicated by a question on her behalf, to which an exception was taken by the appellant, as follows:

"Doctor, assuming that on the 7th day of February, 1892, the plaintiff was riding in a cart drawn by a horse and crossing State street at the intersection of State street

and Garfield boulevard, in this city, and that the cart in which she was then riding was run into by a cable train and carried a distance of from 225 to 240 feet, the top of that cart having been torn by this cable train, the cart upset and the top, with the plaintiff and another lady in it, was shoved that distance before stopping, would such a state of facts, in your opinion, cause the injury which you have found in the plaintiff?"

The witness answered: "I should consider it might produce those conditions."

The opinions of experts—persons "instructed by experience"—are in many cases admissible as evidence, but not "when the inquiry is into a subject-matter, the nature of which does not require any peculiar habits or study, or scientific knowledge, to understand it." Linn v. Sigsbee, 67 Ill. 75.

"The opinions of witnesses should not be received as evidence, where all the facts on which such opinions are founded can be ascertained and made intelligible to the court or jury." City of Chicago v. McGiven, 78 Ill. 347; National Gas, etc., v. Miethke, 35 Ill. App. 629, collects many cases, and Lawson on Expert and Opinion Evidence, 195, many more.

Now, recurring to the terms of the question, what experience did any man ever have of such events as are there stated? That with a hypothetical statement of the wounds, bruises, etc., upon the person of a sufferer, a physician and surgeon may express an opinion as to effects, is not to the purpose; it does not follow that the physician and surgeon is an expert as to what contusions may happen to a man rolled over by a saw-log, or kicked by a mule. The absurdity of the question is most easily shown by analyzing it. Was it material that the day was February 7, 1892; that she was in a cart or buggy; drawn by one or two horses, etc.?

The appellee was, in fact, riding in a cart drawn by a horse which was driven by another lady; and a very material question was whether that other lady carelessly drove

in front of the car.    There could be no question as to care
by the appellee herself, for she only sat still.    One of the
instructions for the appellee was :

"If the jury believe from the evidence in this case that
on or about the 7th day of February, 1892, the plaintiff was
riding in a cart at or near the intersection of State
street and Garfield boulevard, in the city of Chicago, State
of Illinois, and then and there using all due care and caution,
and while so riding the said cart collided with and was
struck by a train of cars propelled by cable power belong-
ing to and operated by the defendant, and that such collision
was caused by negligence and carelessness of defendant's
servants in the management and operation of said train of
cars, as charged in plaintiff's declaration, then the jury
should find the defendant guilty and assess plaintiff's dam-
ages at such sum as the jury believes from the evidence she
has sustained by reason of the collision."

That instruction may perhaps be justified in theory,
because the old cases holding that one injured by the con-
current negligence of two carriers, by one of which he was
being conveyed, had no remedy against the other, are not
now authority; Chicago City Ry. v. Wilcox, 33 Ill. App.,
450; and therefore if the lady driving was careless, yet if
the appellant was also careless, the remedy of the appellee
against the appellant would not be barred by the contribu-
tory carelessness of the driver.    Practically, however, the
instruction put the conduct of the appellee in contrast with
that of the appellant, and implied that if she was not care-
less, it was, and in that way was misleading.

In this class of cases there is little need that the plaintiff
should take chances.    Happily, in this case, we have no
complaint of the conduct of counsel to review; the case
seems to have been tried as a law suit in which the judg-
ments, and not the prejudices, of the jurors were appealed
to.    But with the cases cited from 67 and 78 Ill. before us,
we can not overlook the error committed in admitting this
so-called expert testimony.

Nor can we treat the error as harmless upon the proba-

bility that the jurors would have agreed with the witness had the conclusion been left to them. A vital question in the case was, whether her alleged bad physical condition was the result of the collision. There was much testimony that she arose therefrom unharmed.

We need not consider other questions.

The judgment is reversed and the cause remanded.