## Northern Milling Co. v. Lizzie Mackey, Adm'x, etc.

1. PLEADING—*Requisites of a Declaration in an Action for Death Resulting from Negligence.*—A declaration in an action by the next of kin for the death of a person resulting from negligent acts should state facts from which the law will raise a duty from the employer to his employe and from the neglect of which the law will presume negligence; if it fails to do so it is insufficient to support a judgment.

2. PRESUMPTIONS—*Of the Sufficiency of the Declaration After Verdict.*—In a declaration for the death of a person from negligence, nothing will be presumed after the verdict but such matters as must have been necessarily proved under the averments of the declaration, and an omission in it, and a failure to allege that the servants causing such death were not the fellow-servants of the deceased, is not cured by the verdict.

3. INSTRUCTIONS—*Failing to Limit the Right of Recovery to the Negligence Charged in the Declaration.*—In an action to recover damages for the death of a person, caused by the negligence of another, an instruction which fails to limit the right of recovery to the negligence charged in the declaration is erroneous.

4. EVIDENCE—*Matters Not Admissible on Rebuttal.*—In an action for damages resulting from the death of a person by negligence, a witness for the defendant was asked by the plaintiff, on cross-examination, if he had not said that his brother was to blame for the accident, and over the objection of the defendant answered in the negative; *it was held* erroneous to admit evidence on rebuttal to contradict such answer.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 12, 1901.

Statement by the Court.—Appellee, administratrix of the estate of Thomas Mackey, deceased, who was killed, as it is claimed, by the negligence of appellant's servants, not fellow-servants of decedent, brought her action to recover damages for the benefit of the widow and next of kin, a trial of which before the court and a jury resulted in a verdict in favor of appellee of $5,000 and judgment thereon, from which this appeal is taken.

The declaration consisted of two counts, but was amended and the case tried upon the amended declaration and a plea of not guilty thereto. The first count of the amended declaration alleges that the defendant " on the fifth day of

March, A. D. 1895, in the city of Chicago, in said county, was possessed of, and using and operating a certain car at or near the premises of the said Northern Milling Company, and on a side-track, which said side-track was constructed about one foot in distance from the wall of a building then and there owned or used by the said Northern Milling Company; and while the said plaintiff was on the side-track and close to and adjoining the said building of the said Northern Milling Company, the defendant pushed an empty freight car away from the said building and along the said track; and without in any manner whatsoever warning the said Thomas Mackey, who was then and there lawfully on the said premises, in the exercise of all ordinary and reasonable care for his own safety and without any fault or misconduct on his part, the said Northern Milling Company pushed the said car on and against the said Thomas Mackey, and by reason of the said premises the said Thomas Mackey was then and there crushed between the said car and the said building of the Northern Milling Company, as aforesaid, and was thereby then and there killed;" and then avers that he left a widow and next of kin, naming them, who were deprived of their support by said death.

The second count alleges that "the said Northern Milling Company was the owner of or using and operating a certain mill in the County of Cook and State of Illinois, and in connection therewith used a side-track for the purpose of loading and unloading material, and employed there the said Thomas Mackey, deceased, and that the said Thomas Mackey on, to wit, the fifth day of March, A. D. 1895, was lawfully upon the said side-track adjoining the said mills of the said Northern Milling Company, and while the said Northern Milling Company was so lawfully on the said side-track near the said mill, and in the exercise of all reasonable and proper care for his own safety, the said Northern Milling Company, by its agents and servants, who were then and there not fellow-servants of the said Mackey, pushed an unloaded car upon him without giving any notice to the said Mackey that they were to push the

said car where he then and there was; or without making any sound or warning or ringing any bell, or in any manner advising the said Mackey of any impending danger to him, the said Northern Milling Company pushed the said car upon and against the said Mackey and crushed him so that his body was caught between the said mill and the said car, and he was then and there killed;" and then proceeds the same as the first count.

Among other instructions for the appellee the court gave the following, to wit:

1. "The court instructs the jury that if they find from the evidence in this case that on the 5th day of March, 1895, Thomas Mackey, the plaintiff's intestate, while in the exercise of ordinary care for his own safety, and while engaged in the line of his duty as an employe of said Northern Milling Company in brushing off a railroad track near the mill of the defendant, was, through the negligence of said defendant, through its agent, Martin Ahrens, run against and crushed by a car then being used by said defendant, and that in consequence of said injuries the said Thomas Mackey on the 7th day of March, 1895, died, leaving him surviving the plaintiff and five children, his next of kin, then your verdict should be for the plaintiff, with such damages as from the evidence you should deem would be a fair and just compensation with reference to the pecuniary injuries resulting from said death to the widow and next of kin of said Thomas Mackey."

2. "The court instructs the jury that if they find from the evidence in this case that Martin Ahrens was the foreman of a gang of men in loading and unloading cars at the mill of defendant, and that Thomas Mackey was one of such gang, and that as such foreman said Ahrens had authority to take charge of and control said gang of men in carrying on that branch of business, then and in that case said Martin Ahrens was the direct representative of the company itself, and all commands given by him within the scope of his authority were, in law, the commands of the company, and that in exercising said power said Martin Ahrens did not stand upon the same plane with those under his control, and was not a fellow-servant or co-employe with them within the meaning of the law as to those acts which were done by his command."

The court also, as it is claimed, made certain erroneous rulings in the admission of evidence.

At the close of the plaintiff's evidence defendant asked an instruction to find it not guilty, which was denied. It was renewed at the close of all the evidence and again denied. After the motion for new trial was overruled, the defendant moved in arrest of judgment, which motion was also overruled.

BURLEY & McSURELY and JOHN B. BRADY, attorneys for appellant; C. LeROY BROWN, of counsel.

ROGERS & MAHONEY and CHILTON P. WILSON, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The first claim of appellant's counsel is that the declaration states no cause of action. We will only consider the second count of the amended declaration, since the two counts of that declaration on which the case was tried are quite similar, and if the second count is insufficient, the first is also.

It has been repeatedly held that a declaration in a case of this kind should state facts from which the law will raise a duty from the master to the servant—must state facts from which negligence will be presumed. If it fails so to do then it is insufficient to support a judgment. Ayres v. City of Chicago, 111 Ill. 406; Joliet Steel Co. v. Shields, 134 Ill. 209; C. & A. R. R. Co. v. Clausen, 173 Ill. 100–5, and cases cited; Angus v. Lee, 40 Ill. App. 304; R. R. Co. v. Coit, 50 Ill. App. 640; 1st Chitty's Pldgs. 681 (9th Am. Ed.); Gould's Pldgs., Ch. 10, Secs. 13 and 22.

In the Ayres case, *supra*, which was an action on the case to recover for personal injuries for alleged negligence, the court say :

" The pleader must state facts from which the law will raise the duty."

In the Clausen case, *supra*, the court say :

" It is not sufficient in a declaration to allege that it is the duty of the defendant to do certain things, but the

declaration must state facts from which the law will raise the duty."

In the Coit case, *supra*, this court held that if, from the facts stated, the law would imply the duty, the allegation of duty was unnecessary. It is elementary that there is no negligence without a duty.

But it is claimed for appellee, in substance, that the facts here alleged show a duty, and consequently that appellant was negligent; also that at most the declaration is a defective statement of a cause of action, and not a statement of a defective cause of action, and is sufficient after verdict to sustain the judgment. We think the contentions of appellee's counsel are not tenable.

The second count in substance alleges that the appellant was the owner of, or operating a mill, and in connection therewith used a side-track for loading and unloading material; that Thomas Mackey was its employe and was lawfully on said side-track adjoining appellant's mill, and while so there and in the exercise of reasonable and proper care, appellant's servant, not Mackey's fellow-servant, pushed an unloaded car along the side-track and upon him without giving him any notice or warning whatever of any impending danger, and by reason thereof caused his death. All these things might be strictly and accurately true as stated, and still appellant would not be guilty of negligence. It does not appear from any statement of the declaration that Thomas Mackey was ordered by appellant to work or be where he was, nor that appellant's servants or any of them knew or ought to have known that he was where he was alleged to have been, or that he was exposed to any danger whatever from the act that it is alleged they did, nor is there any fact or circumstance alleged from which it could be reasonably inferred that they had such knowledge. In the absence of such allegations, or sufficient allegations to charge appellant with a duty to decedent, it seems to us clear that the declaration fails to state a cause of action, and that it can not be cured by verdict.

In the Shields case, *supra*, the court say, " Nothing will be presumed after verdict but what must have been neces-

sarily proved under the averments of the declaration," and held that an omission in the declaration (which was for personal injury to the plaintiff by the defendant's servants) to allege that they were not the fellow-servants of the plaintiff, was not cured by verdict, and that the court erred in overruling a motion in arrest.

In the Clausen case, *supra,* the Shields case is re-affirmed and the court say (citing numerous cases):

" Where the declaration and the issue joined upon it do not fairly impose a duty upon the plaintiff to prove the omitted fact, the omission will not be cured. * * * The intendment in such cases arises from the joint effect of the verdict and the issue upon which it was given, and if the declaration contains terms sufficiently general to comprehend, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express statement of it in the declaration is cured by the verdict. Under this rule a verdict will aid a defective statement of a cause of action, but will never assist a statement of a defective cause of action. 1 Chitty's Pl. 631."

In Gould on Pleading (Hamilton's Ed.), chapter 10, page 477, the author says:

" Where no cause of action is stated, the omission is not cured by verdict. For as no right of recovery was necessary to be proved, or could have likely been proved under such a declaration, there can be no ground for presuming that it was proved at the trial."

The issue here was not guilty, and the declaration not only fails to allege specifically such facts as would show negligence on the part of appellant, but is not sufficiently general to comprehend, by fair and reasonable intendment, the facts necessary to be proven as hereinabove set forth, which were requisite in order to establish appellant's negligence.

It is further contended that no negligence was proved; that the deceased assumed the risk and that a recovery is barred because of deceased's contributory negligence, and that the negligence of appellant, if any, was that of a fellow-servant of Thomas Mackey.

Inasmuch as the cause must be reversed because of the

insufficiency of the declaration, we deem it unnecessary to refer in detail to the evidence. It is sufficient to say that we have carefully and diligently read and considered it in the light of the arguments, and are of opinion that as to all the matters above claimed, it presents questions peculiarly for the jury, and that under a proper declaration we are not prepared to hold that a recovery is barred under the evidence in this record.

We think that the first instruction for appellee, quoted in the statement, is erroneous in that it fails to limit the right of recovery to the negligence charged in the declaration, even if it could be said that there is any negligence there charged; also because it assumes that Martin Ahrens, whom the instruction designates as appellant's agent, was a vice-principal, whereas it was a contested question in the case as to whether Ahrens was a vice-principal or a fellow-servant of decedent.

We see no objection to the second instruction for appellee, quoted in the statement, for the reasons claimed in appellant's argument.

On the cross-examination of George Ahrens, one of appellant's witnesses, he was asked, fixing a time and place, if he did not say that his brother ordered Mackey to sweep off the track the morning of the accident, and that his brother was to blame for the accident. The question was, after objection by defendant's counsel, answered in the negative, and on rebuttal the court permitted the appellee to call witnesses who in effect testified that George Ahrens had said that it was his brother's fault that Mackey was killed. We are of opinion that this was error. Whether it was the fault of George Ahrens' brother that Mackey was killed, was one of the questions to be determined by the jury, and whether or not he gave such an opinion, should not have gone to the jury, as it was calculated seriously to prejudice appellant. Horner v. Koch, 84 Ill. 408; Ry. Co. v. Smith, 69 Ill. App. 69; Nat., etc., Co. v. Miethke, 35 Ill. App. 629; 2 Jones on Evid., Sec. 361.

For the errors indicated the judgment is reversed and the cause remanded.