### City of Chicago v. Lottie France.

#### Gen. No. 12,329.

1. EXPERT TESTIMONY—*when incompetent.* An expert should not be permitted to testify to an ultimate fact in the trial, as, for instance, the cause of the plaintiff's physical impairment.

2. CONTRIBUTORY NEGLIGENCE—*when person injured upon sidewalk guilty of.* A person receiving an injury while walking upon a sidewalk is guilty of contributory negligence where it appears that the sidewalk in question had to the knowledge of such person been for more than a year in a state of utter disrepair and where the plaintiff might have selected a safe pathway without using such sidewalk.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed March 1, 1906.

**Statement by the Court.**  Appellee recovered a judgment in the sum of $3,500 against appellant for damages caused, as she alleged, by a fall upon a defective sidewalk.

The accident happened between five and six o'clock p. m. of September 13, 1900, on the west side of 48th avenue, a north and south highway, between Polk and Harvard streets in said city.  These streets lie east and west.  Between these streets, east of the avenue, there are four or five houses.  On the west side there are no improvements other than the sidewalk.  The land, which is level prairie, is unfenced.  In 48th avenue there is a double track street car line.  The roadway is thrown up, with a ditch on either side, but is not paved except that part which is occupied by the car tracks.

The sidewalk in question was obviously dangerous, and had been in that condition for more than a year before the time of the accident.  It was built of boards five feet long laid crossways upon 2x4-inch stringers.  John Boscher, a witness called by appellee, testified:  "They were loose every few boards, three boards together nailed tight and two boards further off loose; five boards further up loose again, and some of them tight again; one section was kind of crooked, moved away, and the half down six inches at one end and the other end six inches up.  *  *  *  At the place where the woman passed and where the accident took place, there were loose boards and boards out.  *  *  *  The stringers under the sidewalk were rotten at the time of the accident; they were rotten too before the time of the accident.  *  *  *  It was a board walk and the boards were all rotten."

Otto Dick, called by appellee, said:  "There were boards out of the sidewalk in both directions from where she fell; I noticed her when she was about two or three feet from where she fell, the whole sidewalk was rotten; every board in it was rotten.  Every board would not break if you stepped on it; they was started to get rotten.  The 2x4 were rotten."

Annie Green, called by appellee, swore:  "About every other board was out, and it was very rotten.  *  *  *  The prairie grass grew on either side of the sidewalk; it was

easier walking on the ground, but I walked on the sidewalk sometimes; when it was wet you take the sidewalk, and when it was dry, you step to one side; it was level on the west side of the sidewalk. * * * That sidewalk had so many boards off and was so rotten that it was notorious about there as being a sidewalk that was dilapidated and out of shape, and that is the reason I remember it."

Addie Sandusky, who was walking with appellee when she fell, testified: "We had to cross the broken plank; we had to pick our way over the broken boards. We had been doing that up to where she fell; we always had to do that; sometimes there were two or three boards out and sometimes one; sometimes they were so far apart that we had to walk along the stringers to get to the next board. * * * It was light and I could see the condition of the walk."

Appellee testified: "We used to walk in the street; we would always take the street when we could; we did that because we knew the sidewalk was bad, and we didn't walk on the sidewalk on that account. * * * It was daylight so we could see all around us. I had to step over a space just before I stepped on the board that went down. * * * I noticed that the walk was out of line—section shifted out; I stepped from one section over on the other."

It is not disputed that appellee fell by reason of one of the board tipping up when she stepped on it. That she was thereby hurt is not denied, but the extent of her injuries is questioned.

The jury found the issues for appellee and assessed her damages at the sum of $3,500. From the judgment entered upon this verdict the present appeal was perfected.

JOHN F. SMULSKI, City Attorney, and FRANK D. AYERS, for appellant; EDWARD C. FITCH and EDWARD S. DAY, of counsel.

C. HELMER JOHNSON and JOHN F. WATERS, for appellee; EDWARD MAHER, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

In the course of the trial Dr. Bonner, an expert witness called by appellee, was asked a hypothetical question by her counsel, in which her physical condition before and since the accident was set forth. This question ended with, "What would you say that condition or trouble was due to, or occasioned by?" Upon objection, counsel added, "Would you say it was due to extraneous violence, spontaneous disease, or what other cause?" Appellant objected to the question as amended, but the court overruled the same, and appellant excepted. The witness answered: "The condition was due to the traumatism, the injury." Appellant again objected, saying: "I want the record to show that I objected to that question and answer." The court replied, "Yes, you object and except."

This is plain error. The expert was called upon and was permitted to swear to an ultimate fact in the trial, namely, the cause of appellee's then physical impairment. He was not asked if such condition might not have been occasioned by the injury, but he was called upon to say and he did say that it was caused by the injury. This is the substitution of the conclusion of the witness for the finding of the jury on an ultimate fact in issue in the case, and therefore it constitutes reversible error. National G. L. & F. Co. v. Meithke, 35 Ill. App., 632; Ill. Cent. Ry. Co. v. Blye, 43 Ill. App., 612; Ill. Cent. Ry. Co. v. Smith, 208 Ill., 608.

The question is further objectionable in this: it recites "that the physician found that she was suffering," etc.; and that " he (the physician) concluded then that a plaster cast was necessary," etc. This is not the statement of a fact or facts, but is a recitation of the conclusion of the physician who attended appellee after her injury. An expert opinion must be based upon facts proved or assumed to be proved, and cannot be founded upon the opinion or conclusion of another person. I Thompson on Trials, sec. 683, p. 504.

It appears in the record as shown by the statement of facts that the sidewalk in question was and had been to the knowledge of appellee for more than a year before the date of the

accident in a state of utter disrepair and therefore dangerous; that the roadway, subject to the danger from passing teams and cars, was safe and convenient for use by pedestrians; and that alongside the walk over the level prairie was a pathway which could be traversed with perfect safety. Appellee knowingly exposed herself to danger when she elected to travel over this rotten walk and therefore assumed the risk of possible injury, and was guilty of contributory negligence which bars her recovery in this case. It was her plain duty to have taken a safer line of travel than was afforded by this walk, when each way was equally convenient. Reasonable minds would not differ from the conclusion that appellee brought this injury upon herself through her own want of proper care and caution. Chicago v. Richardson, 75 Ill. App., 198; Aurora v. Pulfer, 56 Ill., 270; Centralia v. Krouse, 64 Ill., 21; Lovenguth v. Bloomington, 71 Ill., 238; Sandwich v. Dolan, 133 Ill., 181.

This case is clearly differenced from those cases wherein the walk was not obviously dangerous, and also from those cases wherein the defective walk was the only convenient way.

The judgment of the Superior Court is reversed.

*Reversed.*