## City of Chicago v. Catherine Rosenbaum.

### Gen. No. 12.330.

1. EXPERT—*what proper cross-examination of.* If an expert has given his opinion with respect to an injury and its cause, it is proper upon cross-examination to inquire as to all the features of the case, whether the particular facts forming the basis of the cross-examination had been testified to or not, with the view of testing the skill and learning of the witness and the reasonableness or unreasonableness of the opinion expressed by him to the jury.

2. EXPERT—*what incompetent upon direct examination of.* It is error to permit an expert to give his opinion as to the ultimate fact upon which the jury are to pass.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed April 10, 1906.

JOHN F. SMULSKI, City Attorney, and WILLIAM S. KIES, for appellant; EDWARD C. FITCH and EDWARD S. DAY, of counsel.

B. F. RICHOLSON and B. J. FRANK, for appellee; C. STUART BEATTIE, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee brought this action against the appellant to re-

cover damages for injuries which she claims to have sustained by falling upon a defective sidewalk under appellant's control. The trial resulted in a verdict and judgment in favor of appellee.

Appellee testified that she was walking on Potomac avenue toward Irving avenue, and in order to avoid some boys who were pushing each other she went to the right side of the sidewalk where the grass was grown up over the boards, and her foot "stumbled in the ˙hole" and she fell on her right shoulder. She further said: "I had nothing in my hand. I didn't throw out my hand to stop myself. I fell on my shoulder; my hand was not scratched or hurt; my hand was protected with my body; my hand wasn't on the ground; I did not have my hands folded; I always have my hands down. When I fell I didn't put out my hand or anything to stop it; it was too late to stop it;" and that she never had anything the matter with her arm.

Dr. Webber was called as a witness on behalf of appellee and testified that he was called to attend appellee at her house on the day of the injury, and that he prescribed for her and visited her twice a day for quite a while, and eventually found what was the matter; that she was suffering from paralysis of the deltoid muscle, and that it was of a permanent character.

Appellee's counsel asked the witness the following question and the following answer was given: "Q. From your examination, doctor, and from your observation during these years, what, in your opinion, is the cause of that effect? A. Well, I presume the cause is the same as in similar cases; that is a fairly common injury; I can only speak what the causes in other cases exactly the same—. Q. State that. A. That is always due to degeneration of the nerves which supply the muscles; when anybody receives a blow over the shoulder, the circumflex, which supplies the muscle, degenerates, and the muscle not being supplied by the nerve, gradually withers away, as any other muscle does under the same condition; that has been found out by the autopsy; that is what I think is the matter with her; in fact, I am quite sure of it."

On cross-examination the doctor stated: "Involuntary action is illustrated by throwing out the arm involuntarily as if you are going to fall; it is done so instantaneously that we are not cognizant of it; it is one of those habitual actions that is inborn; the movement is instinctive; it is possible that the movement occurs always, unless there is something functional or some disturbance that will not permit the movement." Then the following occurred:

"Q. Now, doctor, if a woman should stick her foot in the sidewalk and she falls forward, unless there was something the matter with her arm, she would put her arm forward?"

The attorney for appellee objected, and the court sustained the objection, and exception was taken on behalf of the appellant.

Counsel for appellant then put the following question: " Q. If a woman falls forward striking her weight on the shoulder and does not throw out her arm when she falls —falls, strikes her foot, and does not throw out her arm, would that indicate to you as to the condition of her arm any abnormal or unnatural condition of the arm ? "

The court sustained an objection to the question. Thereupon counsel for appellant put the following question: " Q. Assume that a person has a rheumatic neurosis or rheumatic deposit in the joint, or from some other cause has a diseased condition of the arm, would that diseased condition prevent the instinctive throwing out of the arm when the person falls ? "

An objection was sustained to the question. The court further stated that he would make the same ruling as to further cross-examination upon the theory of the defense that a person would instantly throw out his arm when falling, unless something was the matter with the arm which prevented it.

In our opinion the questions put to the witness were competent on cross-examination under the circumstances. The witness was an expert and had given his opinion upon the condition of the appellee and the cause of that condi-

tion. It was competent, therefore, to cross-examine him as to all the features of appellee's case whether the particular facts forming the basis of the cross-examination had been testified to or not, with the view of testing the skill and learning of the witness, and the reasonableness or unreasonableness of the opinion expressed by him to the jury. West Chicago St. Ry. Co. v. Fishman, 169 Ill. 196; West Chicago St. Ry. Co. v. Reddy, 69 Ill. App. 53; C. & A. R. R. Co. v. Lewandowski, 190 Ill. 301; Tudor Iron Works v. Weber, 129 Ill. 535.

That the accident in question was not the cause of the diseased condition of appellee's arm was one of the strongly contested points in the case. The cross-examination bore directly upon the point.

Appellee called Dr. Gordon as a witness and over the objection of appellant's counsel he was asked and permitted to answer the following question :

"Q. In your opinion, doctor, if you have an opinion on the subject, from the examination you made, the objective symptoms you saw present there and nothing else, what is your opinion as to whether this was caused by traumatic injury or otherwise?" A. "By the process of exclusion, I would come to the conclusion that it was caused by trauma."

This was error. The witness was asked and permitted to answer as to an ultimate fact which the jury must find from all the evidence. It was a substitution of the opinion of the witness for the finding of the jury on an ultimate fact in issue in the case. This has been held frequently to be reversible error. I. C. R. R. Co. v. Smith, 208 Ill. 608; C. & A. R. R. Co. v. Springfield & N. W. R. R. Co., 67 Ill. 142; City of Collinsville v. Eichmann, 108 Ill. App. 655; I. C. R. R. Co. v. Blye, 43 Ill. App. 612; Nat. G. L. & F. Co. v. Miethke, Admr., 35 Ill. App. 629; City v. France, G. No. 12,329, in this court not yet reported.

For the errors indicated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*