### John A. Show, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

1. INSTRUCTIONS—*when should be clear and accurate.* If a case is close on the facts, the instructions should be clear and accurate.

2. INSTRUCTIONS—*when upon measure of damages erroneous.* In an action for personal injuries, it is error for the court in instructing the jury as to what damages may be awarded to fail to restrict the award to damages resulting from the injuries alleged in the declaration.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed February 11, 1910.

SCHAEFER, FARMER & KRUGER, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee claimed to have received personal injuries while alighting from one of appellant's cars in a street in the village of Upper Alton, on the evening of January 27, 1908, the negligence charged being that the car was started while appellee was still on the car step and, in consequence thereof, he was thrown down upon the street and injured. There was a verdict and judgment for appellee for $4,317.

A few months prior to the time of the injury complained of, appellee, as it appeared from the proofs, came to Upper Alton from Calhoun county, Illinois. Theretofore, in 1903, he had been caught between a threshing machine and an engine and burned about the left arm, shoulder and breast and one of the bones of his right hand broken. His left hand had become deformed so that he had scarcely any use of it. After he came to Alton he obtained some work which he designated as "boy's work" in a glass factory. While working there he again received a burn which developed into a case of blood poisoning of the left hand and arm. He made frequent trips to his physician for the purpose of having his arm and hand treated and was returning home upon one of these trips at the time he received the injuries in question. His left arm and hand were tied up and by reason of the partially disabled condition of his right hand, he could only hold on to the hand rail with his right thumb and forefinger. The car was stopped to let him off and after it started he was heard to cry out, and the conductor looking back saw him lying beside the track. It was afterwards ascertained that he had suffered a fracture of the hip at the head of the femur.

It was contended on the trial by appellant that appellee fell down after he had alighted from the car, while appellee insisted that the car started before he had alighted and threw him down. There was a sharp

554 Appellate Courts of Illinois.

Show v. Alton, Granite & St. Louis T. Co., 152 Ill. App. 552.

controversy as to the facts and the question whether appellee, in view of all the evidence, made out such a case upon the facts as would rightfully entitle him to a recovery, was an extremely close, if not a doubtful, one. Under such circumstances it was necessary that the instructions to the jury should be clear and accurate. Chicago Union Trac. Co. v. Miller, 212 Ill. 49; W. Chi. St. R. R. Co. v. Dougherty, 170 *id*. 379; C. B. & Q. R. R. Co. v. Van Patten, 64 *id*. 510; Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81.

The second instruction given on behalf of appellee told the jury, in case they found the defendant guilty, to "assess the plaintiff's damages, if any, in such amount as they may find from the preponderance of the evidence he has sustained." This instruction did not confine the assessment of damages to the injuries alleged in the declaration, nor indeed to those received at the time appellee claims to have been thrown from the car. It has been repeatedly held by our courts of appellate jurisdiction, that the recovery should be confined to the particular negligence alleged in the declaration, and that instructions which authorize the jury to base a verdict upon negligence not so charged, are erroneous. C. B. & Q. R. R. Co. v. Levy, 160 Ill. 385; C. & A. R. R. Co. v. Rayburn, 153 *id*. 290; Northern Milling Co. v. Mackey, 99 Ill. App. 57; C. C. C. & St. L. R. R. Co. v. Scott, 111 *id*. 234.

The failure to limit the right of recovery to the injuries appellee claimed by his declaration to have received at the time in question, was especially injurious and erroneous in this case, for the reason that appellee was very seriously injured and disabled prior to the time in question; and it would at best, even if his contentions were clearly proven, be difficult to determine how much of his present maimed and unfortunate condition was due to injuries received at the time he says he was thrown from the car, and how much due to the former repeated injuries he had suffered.

For the error in the instruction above referred to, the judgment will be reversed and the cause remanded. *Reversed and remanded.*